UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO VEGA,

      Plaintiff,

v.                                                        Case No.:  2:25-cv-239-SPC-NPM

JARAD ANDERSON,

      Defendant.

                         /

## OPINION AND ORDER

Before the Court are Plaintiff Juan Francisco Vega's Motion for Summary Judgment (Doc. 41) and Defendant Jarad Anderson's Corrected Motion for Summary Judgment (Doc. 45).

## Background

Plaintiff is civilly committed at the Florida Civil Commitment Center ("FCCC"). Proceeding pro se, Plaintiff brings this action under 42 U.S.C. § 1983 against Jarad Anderson, the Administrator of the FCCC since April 2024.

Liberally construed, the complaint alleges that FCCC's administration of its Smart Communications Tablet system interfered with Plaintiff's ability to communicate with family members and participate in video visitation. Plaintiff alleges that messaging, visitation, and "visits on demand" functions were disabled for residents housed in Special Management, that only three

tablets were available for approximately thirty residents in that unit, and that tablet shortages and hoarding by other residents limited access to communication services. Plaintiff further alleges that these restrictions interfered with his ability to communicate with family, friends, and associates. (*See* Doc. 1, Complaint, ¶¶ 21–28, 35–47).

Defendant denies violating Plaintiff's constitutional rights and contends that FCCC's communication policies are reasonably related to legitimate institutional interests involving security, resident supervision, treatment objectives, and management of limited resources.

## Legal Standards

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden falls on the movant, who must identify the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996). If the moving party demonstrates entitlement to judgment as a matter of law, the non-moving party must establish each essential element to that party's case. *Howard v. BP Oil Co., Inc.*, 32 F.3d 520, 524 (1994). Although *pro se* filings are liberally construed, a party opposing summary judgment must present evidence establishing a genuine dispute of material fact. Unsupported conclusions, speculation, and disagreement with institutional decisions are insufficient to avoid summary judgment.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

## Discussion

### A. Constitutional Claims

Because Plaintiff is civilly committed rather than criminally incarcerated, his claims arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 315–16. Civil detainees retain constitutional protections, but those rights may be subject to restrictions reasonably related to legitimate governmental objectives and the safe operation of a secure treatment facility. *Id.* at 321–23 (1982); *Bell v. Wolfish*, 441 U.S. 520, 540–47 (1979).

In the First Amendment context, restrictions imposed at FCCC are evaluated in light of the institution's legitimate interests and the unique circumstances of civil commitment. *Pesci v. Budz*, 730 F.3d 1291, 1297–1301 (11th Cir. 2013). Courts consider whether the challenged restriction bears a rational relationship to legitimate institutional interests and whether alternative means remain available for exercising the asserted right. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987); *Pesci*, 730 F.3d at 1297–1301.

Applying those principles here, Defendant is entitled to summary judgment. The undisputed record demonstrates that FCCC residents retained multiple avenues of communication, including regular mail, legal mail, telephone access, visitation opportunities, and electronic communications through the Smart Communications system. (*See* Doc. 45, Ex. A, First

Anderson Aff., ¶¶ 5, 7–12; 29–32). The record reflects that residents housed in Special Management could continue to receive mail, place telephone calls, and request special visitation through FCCC procedures. (*See id.*). Plaintiff, himself, successfully obtained approval for a special visit while housed in Special Management. (*See id.* ¶¶ 5, 7–8; *see also* Ex. 1).

The record further reflects that the challenged restrictions were tied to legitimate institutional concerns. Defendant attests that residents placed in Special Management generally have committed or are being investigated for rule violations, often involving security or contraband concerns, and that the challenged restrictions were implemented in furtherance of FCCC's security and treatment objectives. (*See id.* ¶¶ 29–30; *see also id.* ¶¶ 1–4).

Plaintiff's evidence focuses primarily on complaints that tablets were not always available, that certain residents monopolized tablets, that speaker functions were turned off in some housing units, and that visitation procedures were not consistently administered. Even accepting those allegations as true, they do not establish that Defendant deprived Plaintiff of constitutionally protected communication opportunities.

Notably, the summary-judgment record reflects that FCCC maintained procedures governing tablet distribution and usage, monitored tablet access electronically, and implemented measures to address hoarding and misuse. Defendant further attests that FCCC maintains approximately a one-to-six

tablet ratio pursuant to its contractual arrangement with Smart Communications and that staff routinely monitor tablet availability. (*See id.* ¶¶ 13, 24).

The record further reflects that Plaintiff personally logged approximately 877 minutes of law-library access through the tablet system during one week in January 2026. (Doc. 45, Ex. B, Supplemental Anderson Aff., ¶ 10). While not dispositive standing alone, that evidence substantially undermines Plaintiff's contention that he lacked meaningful access to the tablet system.

Although Plaintiff plainly preferred broader tablet access and fewer restrictions, the Constitution does not require FCCC to provide civil detainees with their preferred method of communication so long as reasonable alternative means remain available. *Turner*, 482 U.S. at 89-91; *Pesci*, 730 F.3d at 1297-1301.

Nor does the record support a finding that Defendant acted arbitrarily or without a legitimate institutional basis. The Court has carefully considered Plaintiff's arguments concerning temporary exceptions to certain restrictions, alleged inconsistencies in enforcement, tablet shortages, and the asserted lack of objective standards governing aspects of the visitation process. Those arguments reflect disagreement with FCCC's administration of the tablet

program but do not create a genuine dispute of material fact regarding a constitutional violation.

Therefore, Defendant is entitled to summary judgment on all claims asserted in the complaint.

### B. Fourteenth Amendment Claim

To the extent Plaintiff's allegations are construed as asserting a Fourteenth Amendment conditions-of-confinement claim, that claim likewise fails. The record contains no evidence that Plaintiff was deprived of a basic human need, subjected to punitive conditions, or exposed to conditions amounting to a constitutional deprivation. Instead, the undisputed evidence demonstrates that FCCC maintained multiple communication alternatives, monitored tablet access, implemented anti-hoarding procedures, and modified policies over time in response to operational concerns.

No reasonable jury could find a Fourteenth Amendment violation on this record.

### C. Alleged Violations of FCCC Policies

Plaintiff repeatedly references alleged violations of FCCC policies and procedures. However, even assuming a violation of internal policy occurred, such a violation does not, in itself, establish a constitutional violation actionable under § 1983. The relevant inquiry is whether Plaintiff's federal

7

constitutional rights were violated, and the record does not support such a finding.

### D. Plaintiff's Supplemental Filings

After the summary-judgment briefing commenced, Plaintiff filed numerous supplemental affidavits, grievances, notices, verifications, and exhibits. (Docs. 49, 50, 51, 55, 56, and 59). The Court has reviewed those submissions.

These supplemental materials largely reiterate Plaintiff's contention that FCCC staff inadequately enforced tablet policies, mishandled visitation requests, or failed to administer the tablet program in a manner Plaintiff believes appropriate. Other filings concern disciplinary matters collateral to the claims asserted in this case. Even viewed collectively and in the light most favorable to Plaintiff, those materials do not create a genuine dispute of material fact concerning the constitutional claims asserted in the complaint.

### E. Plaintiff's Motion for Summary Judgment

Because Plaintiff has failed to establish an undisputed constitutional violation and because the record does not demonstrate that he is entitled to judgment as a matter of law, Plaintiff's Motion for Summary Judgment is denied.

**F. Motions for Preliminary Injunctive Relief**

Plaintiff has filed several motions seeking preliminary injunctive relief and temporary restraining orders. A preliminary injunction is an extraordinary remedy. To obtain such relief, a plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent injunctive relief; (3) that the threatened injury outweighs any harm the injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

The Court further notes that Defendant's evidence reflects that email and SMS messaging restrictions applicable to residents housed in Special Management were lifted effective June 2, 2025. (*See* First Anderson Aff. ¶ 31–32). To the extent Plaintiff seeks prospective injunctive relief requiring restoration of those privileges, such requests are moot because the challenged restriction is no longer in effect. In any event, because Plaintiff cannot establish a likelihood of success on the merits, he cannot satisfy the requirements for preliminary injunctive relief. Accordingly, Plaintiff's requests for injunctive relief are denied.

**G. Remaining Motions**

Plaintiff's Request for In Camera Review (Doc. 40) seeks review of materials associated with prior litigation and settlement matters. Because

those materials are not necessary to the resolution of the pending motions and do not affect the Court's analysis, the request is denied.

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Request for In Camera Review (Doc. 40) is **DENIED**.

2.  Plaintiff's Motion for Summary Judgment (Doc. 41) is **DENIED**.

3.  Defendant's Motion for Summary Judgment (Doc. 44) is **DENIED AS MOOT**.

4.  Defendant's Corrected Motion for Summary Judgment (Doc. 45) is **GRANTED**.

5.  Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 52) is **DENIED**.

6.  Plaintiff's Amended Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 53) is **DENIED**.

7.  Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 57) is **DENIED**.

8.  Defendant's Motion to Strike (Doc. 54) is **DENIED AS MOOT**.

9.  Defendant's Motion to Strike (Doc. 58) is **DENIED AS MOOT**.

10.  All remaining pending motions are **DENIED AS MOOT**.

11.  The Clerk shall enter judgment in favor of Defendant Jarad Anderson and against Plaintiff Juan Francisco Vega.

10

12.  The Clerk shall terminate all pending motions and deadlines and

**CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

11